IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN MUNOZ-PEREZ, #Y12349,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-02137-SMY |
| | ) |
| **DR. MYERS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Martin Munoz-Perez, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Pinckneyville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from the denial of medical care for an arm injury. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-30): Plaintiff suffered a right arm injury while lifting boxes in his cell on June 2, 2023. *Id*. at 6, 19. The injury caused a deformation of his right arm, limited movement in his right hand, and constant pain. He requested medical treatment beginning in early June 2023. *Id*.

Dr. Myers finally met with him on September 26, 2023, but refused to treat his injury or pain. Plaintiff asked to see a specialist, but Dr. Myers told him that no one wanted to help incarcerated people.

Wexford implemented a cost-cutting measure that resulted in the denial of proper medical

care.  Due to the lack of medical care, Plaintiff's right arm is visibly deformed, and he suffers continuous pain and limited movement in his right hand.  *Id*. at 6-7, 19.

### Preliminary Dismissals

Wexford is mentioned in the statement of claim but not identified as a defendant. Therefore, the Court will not treat Wexford as a party to this case.  All claims against it are considered dismissed without prejudice.  *See* FED. R. CIV. P. 10(a).

### Discussion

The Court designates the following claim in the *pro se* Complaint:

Count 1:   Eighth Amendment claim against Dr. Myers for responding to Plaintiff's right arm injury, deformity, and pain with deliberate indifference.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

To state a colorable Eighth Amendment claim arising from inadequate medical care, a plaintiff must plead facts suggesting a sufficiently serious medical need and deliberate indifference on the part of the defendant(s).  *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).  An objectively serious medical need is one that has been diagnosed as requiring treatment, one involving an obvious need for treatment, or one that involves substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  A prison official shows deliberate indifference when he or she "know[s] of and disregard[s] an excessive risk to inmate health."  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

An obvious arm injury that causes limited range of motion and constant pain is sufficiently serious to support a claim.  And Dr. Myers' alleged refusal to treat that condition supports a claim

of deliberate indifference against him. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). As such, Count 1 survives screening and will proceed against Dr. Myers.

## Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNT 1** will proceed against **DR. MYERS** in his or her individual capacity.

The Clerk shall prepare for **DR. MYERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment, once identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant must only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b). **The Clerk's Office is DIRECTED to ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

DATED: February 14, 2025　　　　*s/ Staci M. Yandle*
　　　　　　　　　　　　　　　　　　　**STACI M. YANDLE**
　　　　　　　　　　　　　　　　　　　**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve him or her with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.